IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 118-041 |
| | ) | |
| MARK ANTHONY FUCCI-WILSON | ) | |

_____

**O R D E R**
_____

Before the Court is the government's motion to seal two exhibits admitted at the October 15, 2018 detention hearing. (Doc. no. 16.) For the reasons stated below, the Court **DENIES** the government's motion.

Under Local Rule for Civil Actions 79.7(d),[1] "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of

_____

[1]Local Rule for the Administration of Criminal Cases 1.1 states Local Rule for Civil Actions 79 also applies in criminal cases.

access against the other party's interest in keeping the information confidential." Id. at 1246. (citing Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)).

The government states the two exhibits at issue are "law enforcement reports detailing the explicit nature of child pornography found in connection to the above-referenced case" and asks the Court to seal the exhibits because of "the sensitive nature of their content." (Doc. no. 16.) However, while portions of the material cited in the reports are indeed explicit, the explicit nature of the material alone does not provide a basis for sealing the documents. The government does not cite any authority in support of sealing documents based solely on their explicit nature or provide any other basis for sealing the documents, such as a threat to the integrity of an ongoing investigation or preventing disclosure of the identity of a minor victim. Indeed, the exhibits do not reveal the names of any child victims. In short, the government has not shown the good cause necessary to overcome the common law right of access. Romero, 480 F.3d at 1246.

Accordingly, the Court **DENIES** the government's motion to seal the exhibits previously admitted at the October 15, 2018 detention hearing. (Doc. no. 16.)

SO ORDERED this 17th day of October, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA